UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BOBBY LYNN SHULTS )
 )
v. ) NO. 2:03-CV-364
 ) (NO.2:01-CR-51)
UNITED STATES OF AMERICA )

## MEMORANDUM and ORDER

Bobby Lynn Shults filed this *pro se* motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. The petitioner is serving a 100-month term of imprisonment based upon his guilty plea to conspiracy to distribute 500 grams or more of cocaine, a violation of 21 U.S.C. § 841(a)(1). As grounds for relief, he claims that his guilty plea is invalid, that his trial counsel was ineffective, and that he is actually innocent of the charge to which he pled.

The Court dismissed all claims except for the claim that the petitioner's guilty plea is invalid due to pressure and coercion by his attorney. Thereafter, the matter was referred to the Honorable Dennis H. Inman, United States Magistrate Judge, for a hearing and a report and recommendation as to that sole issue. An attorney was appointed to represent the petitioner; an evidentiary hearing was held;

and, on November 2, 2005, the Magistrate Judge issued his report and recommendation.

In the report, Judge Inman concluded that the petitioner's guilty plea was not coerced by counsel, but instead was based on the petitioner's understanding that he was being offered a very good deal. Judge Inman further concluded that the plea was voluntary. The report also advised the parties that "[a]ny objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived." (Doc. 37, Report & Recommendation at 11).

On November 11, 2005, the petitioner submitted a statement that he had no objections to the content of the report and recommendations. (Doc. 39). On November 29, 2005—eighteen days later, the petitioner filed what was labeled as a correction to that statement, maintaining that he had no quarrel with Judge Inman's recitation of the facts adduced at the evidentiary hearing, but that he did dissent from the balance of the report. (Doc. 40).

A party who is properly informed of the consequences of failing to object waives subsequent review by the district court if it fails to file an objection. *See* 28 U.S.C. § 636(b)(1)(B) and (C); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981); *see also Thomas v. Arn*, 474 U.S. 140, 147-50 (1985). In this case, the

petitioner's pronouncement that he had no objections was timely; his "correction" of his earlier position was not.

However, even if timeliness were not an issue, the petitioner's latter filing does not indicate the specific portions of the report to which he objects. Objections must be sufficiently clear to permit a district court to discern the points of disagreement, so as to "focus attention on those issues ... that are at the heart of the parties' dispute." *Id.* at 147. The petitioner's objection to "the balance of the report" does not enable the Court to focus on any disputed issues because it does not convey what he thinks the Magistrate Judge did wrong. It amounts to a general objection: a general objection which fails to specify the issues of contention does not satisfy the requirement that objections be filed. *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir.1991).

The Court is not required to review those issues to which objections are not timely raised. *Arn*, 474 U.S. at 150. However, upon review, the Court finds no error in Judge Inman's assessment of the petitioner's claim and adds only this: Given the Magistrate Judge's conclusions that the petitioner was caught red-handed and had only a remote chance of success on his sole defense, no prejudice resulted from any alleged deficiencies of counsel (and none were found). (Doc. 37, Report & Recommendation at 3, citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) for the rule that

3

no alleged error by counsel is a basis for relief, absent a likelihood of a successful defense). Thus, with this one addition, which merely makes explicit what was implicit in the report, the Court **APPROVES** and **ADOPTS** the Magistrate Judge's report and recommendation as its own. Therefore, the petitioner's claim is **DISMISSED** and this motion to vacate will be **DENIED** by separate order.

   ENTER:

             s/Thomas Gray Hull
             THOMAS GRAY HULL
              SENIOR U. S. DISTRICT JUDGE